THEODORE E. BACON (CA Bar No. 115395)
tbacon@adorno.com
PATRICK A. CATHCART (CA Bar No. 65413)
pcathcart@adorno.com
AMY L. MORSE (Bar No. 92135)
amorse@adorno.com
IMANI GANDY (CA Bar No. 223084)
igandy@adorno.com
ADORNO YOSS ALVARADO & SMITH
A Professional Corporation
633 W. Fifth Street, Suite 1100
Los Angeles, CA 90071
Tel: (213) 229-2400
Fax: (213) 229-2499

Attorneys for Defendants
JPMorgan Chase Bank, N.A. an Acquirer of
Certain Assets and Liabilities of Washington
Mutual Bank from The Federal Deposit Insurance
Corporation acting as Receiver and California
Reconveyance Company

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IRIVE LOVE,<br><br>          Plaintiff<br><br>v.<br><br>WASHINGTON MUTUAL BANK, a Washington corporation; JPMORGAN CHASE BANK, a New York corporation; CALIFORNIA RECONVEYANCE COMPANY, a California Corporation and DOES 1 to 20, inclusive,<br><br>          Defendants. | CASE NO.:<br>CV09-8414 RSWL (MANx)<br><br>**NOTICE OF REMOVAL UNDER 28 USC § 1441(b)**<br><br>**(FEDERAL QUESTION)** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that defendant JPMorgan Chase Bank, N.A. an

acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal

Deposit Insurance Corporation acting as Receiver ("JPMorgan"), by its attorneys,

respectfully files this Notice of Removal, pursuant to 28 U.S.C. section 1441 *et seq.* to

remove the above-captioned matter from the Superior Court of the State of California

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
LOS ANGELES

1

2031893.1

1   for the County of Los Angeles, where the case is now pending, to the United States

2   District Court for the Central District of California.  In support thereof, JPMorgan

3   states as follows:

4        1.     On or about October 27, 2009, Plaintiff Irive Love ("Plaintiff") filed

5   an unverified First Amended Complaint in the Superior Court of the State of

6   California for the County of Los Angeles, Case Number BC424831 (the

7   "Complaint").  The matter is now pending before that court.

8        2.     On October 30, 2009, JPMorgan was served with a copy of the

9   Summons and Complaint.

10        3.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)

11   because it is being filed within thirty (30) days after JPMorgan was served with a copy

12   of the Complaint.  A copy of the Summons and Complaint is attached hereto as

13   Exhibit "1," as required by 28 U.S.C. § 1446(a).  JPMorgan has not received any other

14   process, pleadings, or orders.

15        4.     The above-entitled action is a civil suit for damages and arises under

16   15 U.S.C. section 1601, *et seq.* for violations of the Truth in Lending Act ("TILA"),

17   as set forth more fully in the true and correct copy of the Complaint attached as

18   Exhibit "1" hereto.

19        5.     This Court therefore has original jurisdiction of this action under 28

20   U.S.C. section 1331, and removal of the action to this Court is proper under 28 U.S.C.

21   Section 1441(b).

22        6.     No consent is necessary as to the remaining defendants, including

23   DOES 1-10 because upon information and belief, those defendants have not yet

24   appeared.

25        7.     JPMorgan will give written notice of the filing of this Notice of

26   Removal to all parties, and will file a copy of this Notice of Removal with the

27   Superior Court of the State of California for the County of Los Angeles as required by

28   28 U.S.C. Section 1446(d).

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
LOS ANGELES

1    8.    Payment of the appropriate fees and costs for removal and docketing

2    of this matter in federal court, if any, are tendered with this Notice.

3    WHEREFORE, JPMorgan respectfully requests that this action proceed in this

4    Court as an action properly removed hereto.

5    DATED:  November 16, 2009         ADORNO YOSS ALVARADO & SMITH
                                       A Professional Corporation
6

7                                      By:_____

8                                         THEODORE E. BACON
                                          PATRICK A. CATHCART
9                                         AMY L. MORSE
                                          IMANI GANDY
10                                        Attorneys for Defendant
                                          JPMorgan Chase Bank, N.A. an acquirer
11                                        of certain assets and liabilities of
                                          Washington Mutual Bank from the
12                                        Federal Deposit Insurance Corporation
                                          acting as receiver and California
13                                        Reconveyance Company

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2031893.1

# EXHIBIT 1

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WASHINGTON MUTUAL BANK, a Washington corporation;
(Additional Parties Attachment form is attached.)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

IRIVE LOVE

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

OCT 3 0 2009

John A. Clarke Executive Officer/Clerk

BY MARY GARCIA, Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | **CASE NUMBER:**<br>*(Número del Caso):*<br>BC424831 |
|---|---|

Superior Court of California, County of Los Angeles
111 N. Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ralph E. Harrison II, JOHN M. ORITZ, Suite 705, Los Angeles, CA 90010, (213) 616-0201

| DATE: OCT 3 0 2009<br>*(Fecha)* | Clerk, by **M. GARCIA** | , Deputy |
|---|---|---|
| | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*

   under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
             ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
             ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
             ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

American LegalNet, Inc.
www.FormsWorkflow.com

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Love v. Washington Mutual Bank et al. | BC424831 |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

JP MORGAN CHASE BANK, a New York corporation; CALIFORNIA RECONVEYANCE COMPANY, a California corporation; and DOES 1 – 20,

Page __1__ of __1__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

1  RALPH E. HARRISON II (SBN 212016)
2  RALPH E. HARRISON II, ATTORNEY AT LAW
   3450 WILSHIRE BOULEVARD, SUITE 705
3  LOS ANGELES, CALIFORNIA 90010
   TELEPHONE (213) 616-0201
4  FACSIMILE   (213) 739-1788

5  Attorney for IRIVE LOVE

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

OCT 2 2 2009

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

6
7
8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                    FOR THE COUNTY OF LOS ANGELES
10

| | |
|---|---|
| IRIVE LOVE, | CASE NO.  BC424831 |
| Plaintiff, | **FIRST AMENDED COMPLAINT:** |
| vs. | 1.  BREACH OF CONTRACT |
| | 2.  QUIET TITLE |
| | 3.  FRAUD |
| WASHINGTON MUTUAL BANK, a | 4.  NEGLIGENT |
| Washington corporation; JP MORGAN | MISREPRESENTATION |
| CHASE BANK, a New York corporation; | 5.  CANCELLATION OF |
| CALIFORNIA RECONVEYANCE | INSTRUMENT (S) |
| COMPANY, a California corporation; and | 6.  VIOLATION OF 15 USC §1601 |
| DOES 1 – 20, | 7.  VIOLATION OF CIV. CODE §§ |
| | 2923 *et seq.* and 2924 *et seq.* |
| Defendants. | 8.  INJUNCTIVE AND |
| | DECLARATORY RELIEF |
| | **JURY TRIAL DEMAND** |

### GENERAL ALLEGATIONS

1.  Plaintiff IRIVE LOVE is a resident in the County of Los Angeles, State of California.

2.  Plaintiff is informed and believes and thereon alleges that WASHINGTON MUTUAL BANK ("WMU") is a Washington corporation and is duly registered

to do business in the State of California.  Plaintiff further alleges that WMU is liable in some manner to Plaintiff as stated herein under.

3.  Plaintiff is informed and believes and thereon alleges that JP MORGAN CHASE BANK. ("JPC") is a New York corporation and is duly registered to do business in the State of California.  Plaintiff further alleges that JPC is liable in some manner to Plaintiff as stated herein under.

4.  Plaintiff is informed and believes and thereon alleges that CALIFORNIA RECONVEYANCE COMPANY ("CRC") is a corporation doing business in the County of Los Angeles, and is liable in some manner to Plaintiff as stated herein under.

5.  At all times herein mentioned, WMU and JPC were the mortgagees to Plaintiff's real property described herein under.

6.  At all times herein mentioned Plaintiff was and is the rightful owner of the real property commonly known as 4515 West 64th Street, Los Angeles, California 90043, and legally described as follows:

> Lot 6 of Tract No. 9144, in the city of Los Angeles,  county of Los Angeles, State of California, as per map recorded in Book 123, Page 76 and 77 inclusive of maps, in the office of the County Recorder of Los Angeles County, Parcel ID No. 4003-022-019 (the "Property").

7.  Plaintiff does not know the true names and capacities of the defendants DOES 1 through 20, inclusive and therefore sues such defendants by such fictitious names. Plaintiff is informed and believes and based thereon alleges that these defendants are responsible in some manner for the events therein alleged and were the proximate cause of harm to Plaintiff whether by their acts or omissions. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

8.  At all times herein mentioned, the defendants WMU and JPC, and each of them, committed acts which consist of, but are not limited to the following:

2

FIRST AMENDED COMPLAINT

> (a) Wrongfully interfering with Plaintiff's quiet use and enjoyment of his property by facilitating the fraudulent scheme designed to deprive Plaintiff of his property;
>
> (b) Inducing Plaintiff into arranging a modification agreement with the intent and purpose of depriving Plaintiff of title to his property; and
>
> (c) Engaging in conduct and acts that constitute predatory lending practices;

9. In or around December 2006, Plaintiff became the owner of the Property in fee simple.   Plaintiff obtained the initial mortgage loan for the Property from WASHINGTON MUTUAL BANK (hereinafter "WMU").   WMU subsequently transferred the loan to JPC.   (WMU and JPC are referred to collectively as "Defendants").

10. In January 2009, Plaintiff noticed that the payment amount on the account statements prepared by WMU was incorrect.  Plaintiff disputed the amount owed, and WMU began an investigation regarding the disputed amount.

11. Plaintiff also inquired about obtaining a modification of the mortgage loan. WMU gave plaintiff a list of documents to submit for the loan modification. Plaintiff submitted all of the required documents to WMU, including bank statements and other information.

12. Plaintiff was informed by WMU that, upon approval, Plaintiff would receive a modification packet that Plaintiff would have to execute and return.

13. In early March, 2009, WMU informed Plaintiff that the terms of the modification agreement would most likely be a fixed 5% interest rate, with monthly payments of approximately $1,800.00 per month, not including taxes and insurance, and that any arrearages would be deferred.

14. Plaintiff relied on WMU's representations and waited for the modification packet.

3
FIRST AMENDED COMPLAINT

15. Plaintiff called WMU in mid-April to inform WMU that he had not received his modification documents. Plaintiff called the number he previously called to inquire about the modification and the number was no longer working.

16. In May 2009, Plaintiff received a letter stating that WMU was becoming Chase.

17. Plaintiff called the telephone number provided for Chase and was informed by the representative that there was nothing in their records about the disputed payment amount or the pending modification agreement.

18. Plaintiff informed the representative about the disputed payment amount and the pending modification. Plaintiff was informed that WMU, not JPC would investigate.

19. Plaintiff called repeatedly between late June and early September, several weeks passed and Plaintiffs still did not receive any correspondence from WMU or explanation as to why the documents had not been sent.

20. To date, Plaintiff has not received a letter, mortgage statement or any other documentation from JPC regarding the disputed payment amount or the modification.

21. Instead, WMU, now JPC, mailed Plaintiff a notice of foreclosure and has refused to acknowledge the pending modification agreement or disputed payment inquiry.

22. Plaintiff received a Notice of Trustee Sale ("Notice") stating that sale of the Property is set for November 2, 2009 at 10:30 a.m. The Notice is attached hereto as exhibit "A."

## FIRST CAUSE OF ACTION

### (Against All Defendants)

### BREACH OF CONTRACT

23. Plaintiff realleges and incorporates by reference, as though fully set forth herein, paragraphs 1 - 22 of this complaint.

24. Plaintiff is informed and believes and thereon alleges that WMU and JPC breached the Deed of Trust by failing to provide accurate statements of account to Plaintiff.

25. As a direct and proximate result of the Defendants' breach, Plaintiff has sustained damages in an amount which cannot yet be fully ascertained, but which exceeds the minimum jurisdictional amount for this Court.

## SECOND CAUSE OF ACTION
## (Against All Defendants)
## QUIET TITLE

26. Plaintiff incorporates the allegations of Paragraphs 1 - 25 of this Complaint as if stated herein.

27. Plaintiff contends that he is the owner in fee simple and is in possession and control of the real property and improvements located at 4515 West 64th Street, Los Angeles, California 90043.

28. Plaintiff is informed and believes and thereon alleges that one or more of the defendants herein claim an interest adverse to Plaintiff's title in said property. These claims are without any right, whatsoever, and said defendants have no right, title, estate, and lien or interest whatsoever in the properties.

29. Defendants named herein as DOES 1 through 20 inclusive, claiming any legal or equitable right, title, estate, lien or interest in the properties described in the Complaint adverse to Plaintiff's title, or any cloud on Plaintiff's title thereto, are unknown to Plaintiff. Such defendants, and each of them, claim some right, title, estate, lien or interest in the properties adverse to Plaintiff's title, and such claim or claims constitute a cloud upon Plaintiff's title thereto. Such claims are without any right whatsoever, and these defendants have no right, title, lien, or interest whatsoever in the property, or any part thereof.

30. Unless the relief requested herein is granted, Plaintiff will suffer immediate and irreparable injury, for which there is no adequate remedy at law based on the uniqueness of Plaintiff's real property at stake.

31. Plaintiff seeks to quiet title as of the date of the filing of the complaint in this matter.

32. Plaintiff has filed a Lis Pendens in the office of the Los Angeles County Recorder, the county in which the described real property is located in compliance with Section 761.010 of the Code of Civil Procedure.

## THIRD CAUSE OF ACTION

### (Against All Defendants)

### FRAUD

33. Plaintiff incorporates each and every allegation contained in Paragraphs 1 - 32 as though fully set herein.

34. At the time of the communications between Plaintiff and WMU, Plaintiff was instructed by WMU to await notification from WMU regarding the details of the approved modification agreement entered into between Plaintiff and WMU.

35. Plaintiff alleges that WMU's real intention in not speaking with Plaintiff after the modification was approved and WMU accepted Plaintiff's good faith payment is so that WMU could defraud Plaintiff and convert Plaintiff's property for its personal gain.

36. Plaintiff alleges that there existed ethical and fiduciary obligations imposed by law between said defendant WMU, on the one hand, and Plaintiff, on the other hand. WMU's failure to disclose to Plaintiff their intention to defraud Plaintiff of her property constitutes a breach of defendant's duties and obligations to the Plaintiff under the Deed of Trust.

37. Plaintiff is informed and believes and thereon alleges that WMU, in furtherance of the conspiracy to defraud Plaintiff, is attempting to foreclose on the Property.

38. Plaintiff justifiably relied upon WMU's representations to Plaintiff's detriment, in that Plaintiffs were unaware of defendants' true intention and motivation to defraud him as herein stated above.

39. As a result of the defendant's actions, Plaintiff was damaged in an amount according to proof at trial.

40. Plaintiff was required to, and did, incur attorneys' fees and costs in this matter, all to their damages according to proof.

41. The acts of the defendant herein were intentional, malicious, fraudulent, and oppressive, and done to specifically cause injury to Plaintiff, who was thereby injured. Therefore, the defendant should be required to pay exemplary damages to deter such acts.

## FOURTH CAUSE OF ACTION

### (Against All Defendants)

### NEGLIGENT MISREPRESENTATION

42. Plaintiff incorporates herein each and every allegation contained in Paragraphs 1 through 41 as though fully set herein.

43. WMU made negligent misrepresentations of fact to Plaintiff as stated hereinabove. The negligent misrepresentations were intended to deceive Plaintiff and lull Plaintiff to rely upon defendant's representations. Plaintiff relied upon defendant's representations to their detriment as fully stated hereinabove.

44. As a result of defendant's actions, Plaintiff was damaged in an amount according to proof at trial.

45. Plaintiff was required to, and did, incur attorneys' fees and costs in this matter, all to their damages according to proof.

## FIFTH CAUSE OF ACTION

### (Against All Defendants)

### CANCELLATION OF CLOUD ON TITLE

46. Plaintiff incorporates by reference Paragraphs 1- 45 as if fully set forth herein.

47. Defendants claim and assert an interest in the above-described real property, which is adverse to Plaintiff's. That interest is based on "liens" which were recorded by Defendants in the County of Los Angeles claiming title to the property pursuant to foreclosure.

48. The instruments are invalid and void because Defendants have no authority or right to assert and continue to assert the lien.

49. The claim of the Defendants to the above-described property clouds Plaintiff's title to that property, depreciates the property's market value, and prevents Plaintiff from enjoying the use of the property and premises in the manner most to their interest as its owner.

## SIXTH CAUSE OF ACTION

### (Against All Defendants)

### VIOLATION OF 15 USC §1601

50. Plaintiff incorporates by reference Paragraphs 1- 49 as if fully set forth herein.

51. The acts of Defendants aforesaid were in violation of the provisions of the Federal Truth in Lending Act, 15 USC § 1601, and the regulations adopted under the provisions of Financial Code §4970 et seq., in one or more of the following ways:  failure to give Plaintiff proper notice of foreclosure; failure to correct clerical errors within 45 days of knowledge of said errors in violation of Financial Code section 4974; predatory lending practices as described hereinabove; recordation of lien without authorization and falsely caused doubt to be cast on Plaintiff's property described above, amongst other violations.

52. The violation of said 15 USC 1601 et seq., made it necessary for Plaintiff to retain attorneys and to bring this action to cancel the instrument casting doubt on Plaintiff's title.  Therefore, Plaintiff is entitled to recover attorney's fees and costs incurred in canceling the instrument.  Plaintiff does not know the exact amount of such damages at this time and Plaintiff will move to amend this Complaint to state such amount when ascertained.

53. Furthermore, the aforementioned recording was motivated by oppression, fraud, and/or malice on the part of Defendants, and each of them.  Therefore, the awarding of exemplary and punitive damages is justified.

## SEVENTH CAUSE OF ACTION

### (Against WMU and JPC)

### VIOLATION OF CIV. CODE §§ 2923 *et seq.*

54. Plaintiff incorporates by reference Paragraphs 1- 53 as if fully set forth herein.

55. Civil Code Sections 2923 *et seq.* set forth procedures that a mortgagee, trustee or authorized agent must follow in conducting a foreclosure sale of real property. Plaintiff is informed and believes and thereon alleges that Defendants WMU and JPC foreclosed on Plaintiff's Property without adhering to the requirements of Civ. Code §§ 2923 *et seq.*

56. Particularly, Plaintiff is informed and believes and thereon alleges that WMU and JPC (a) did not contact Plaintiff as required, or otherwise satisfy the due diligence requirements under Civ. Code § 2923.5; (b) did not satisfy the requirements for a declaration of compliance under Civ. Code § 2923.5; (c) failed to provide Plaintiff a copy of the notice of default as required under Civ. Code § 2924(b); and (d) violated the duty under Civ. Code § 2923.6 to agree to, or implement a loan modification or workout plan where the loan is in payment default or default is reasonably foreseeable, and recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis.

57. As a result of the defendant's actions, Plaintiff was damaged in an amount according to proof at trial.

58. Plaintiff was required to, and did, incur attorneys' fees and costs in this matter, all to their damages according to proof.

59. The acts of the defendant herein were intentional, malicious, fraudulent, and oppressive, and done to specifically cause injury to Plaintiff, who was thereby injured. Therefore, the defendant should be required to pay exemplary damages to deter such acts.

## EIGHTH CAUSE OF ACTION

### (Against All Defendants)

### INJUNCTIVE AND DECLARATORY RELIEF

60. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 - 59 herein, as though same were set forth in full herein.

61. A present controversy exists between the parties concerning their respective rights and duties with respect to the Property.

62. Plaintiff desires a judicial determination of the parties' rights and duties and an injunction enjoining Defendants from foreclosing on Plaintiff's interests in the Property.

63. There is no adequate legal remedy other than that herein prayed for that exists by which the rights of the parties may be determined.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

1. For compensatory damages according to proof;

2. For special damages according to proof;

3. For punitive damages according to proof;

4. For consequential damages according to proof;

5. For cancellation of instrument according to proof;

6. For attorneys' fees according to proof;

7. For costs of suit incurred herein; and

8. For such other and further relief as the Court may deem proper.

Plaintiff hereby demands a trial by jury.

Dated:  October 30, 2009

Ralph E. Harrison II
Attorney for Plaintiff,
IRIVE LOVE

# EXHIBIT A

RECORDING REQUESTED BY
CALIFORNIA RECONVEYANCE COMPANY

AND WHEN RECORDED MAIL TO

CALIFORNIA RECONVEYANCE COMPANY
9200 Oakdale Avenue
Mail Stop: CA2-4379
Chatsworth, CA  91311
800-892-6902

<u>Trustee Sale No.</u>   <u>236805CA</u>
Loan No.              0729859447
Title Order No.       602133767

<u>Space above this line for recorder's use only</u>

## NOTICE OF TRUSTEE'S SALE

YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 12/07/2006.  UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE.  IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDINGS AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

      On 11/02/2009 at 10:30 AM, CALIFORNIA RECONVEYANCE COMPANY as the duly appointed Trustee under and pursuant to Deed of Trust Recorded 12/18/2006, Book , Page , Instrument 06 2804501,    , and as modified by the Modification of Deed of Trust recorded on 02/26/2009, Book , Page , Instrument 20090272939     of official records in the Office of the Recorder of LOS ANGELES County, California, executed by: IRIVE LOVE, SINGLE MAN, as Trustor, WASHINGTON MUTUAL BANK, as Beneficiary, will sell at public auction sale to the highest bidder for cash, cashier's check drawn by a state or national bank, a cashier's check drawn by a state or federal credit union, or a cashier's check drawn by a state or federal savings and loan association, savings association, or savings bank specified in section 5102 of the Financial Code and authorized to do business in this state. Sale will be held by the duly appointed trustee as shown below, of all right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to the Deed of Trust.  The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, interest thereon, estimated fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below. The amount may be greater on the day of sale.

Place of Sale: AT THE WEST SIDE OF THE LOS ANGELES COUNTY COURTHOUSE, DIRECTLY FACING NORWALK BOULEVARD, 12720 NORWALK BLVD. , NORWALK, CA

Legal Description: LOT 6, OF TRACT NO. 9144, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 123 PAGE 76 AND 77 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.
EXCEPT THEREFROM ALL WATER, OIL, NAPTHA, GAS, PETROLEUM OR OTHER KINDRED SUBSTANCES DEPOSITED IN, LYING UNDER OR FLOWING THROUGH SAID LAND, AND ALL METALS AND MINERALS THEREIN ON THEREON.

Amount of unpaid balance and other charges: $644,419.36 (estimated)

Street address and other common designation of the real property:   4515 W 64TH ST
                                         LOS ANGELES, CA 90043
                                         APN Number:  4003-022-019
      The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein. The property heretofore described is being sold "as is".

In compliance with California Civil Code 2923.5(c) the mortgagee, trustee, beneficiary, or authorized agent declares:
that it has contacted the borrower(s) to assess their financial situation and to explore options to avoid foreclosure; or
that it has made efforts to contact the borrower(s) to assess their financial situation and to explore options to avoid foreclosure by
one of the following methods: by telephone;  by United States mail; either 1st class or certified; by overnight delivery; by personal

EXH A

Exhibit

## DECLARATION PURSUANT TO CALIFORNIA CIVIL CODE SECTION 2923.54

Pursuant to California Civil Code Section 2923.54, the undersigned loan servicer declares as follows:

1.  It has obtained from the commissioner a final or temporary order of exemption pursuant to Section 2923.54 that is current and valid on the date the notice of sale is filed; and

2.  The timeframe for giving notice of sale specified in subdivision (a) of Section 2923.52 does not apply pursuant to Section 2923.52 or Section 2923.55.

JPMorgan Chase Bank,
National Association

Name:  Ann Thorn
Title:    First Vice President

# PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES
*Irive Love v. Washington Mutual Bank, et al.*

Case No.:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ADORNO YOSS ALVARADO & SMITH, 633 W. Fifth Street, Suite 1100, Los Angeles, California 90071.**

On November 16, 2009, I served the foregoing document described as **NOTICE OF REMOVAL UNDER 28 USC § 1441(b)** on the interested parties in this action.

☒    by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒    **BY REGULAR MAIL:** I deposited such envelope in the mail at 633 W. Fifth Street, Suite 1100, Los Angeles, California 90071. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐    **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐    **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 633 W. Fifth Street, Suite 1100, Los Angeles, California 90071. The envelope was deposited with delivery fees thereon fully prepaid.

☐    **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☐    **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒    **(Federal)** I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on November 16, 2009, at Los Angeles, California.

Rhea I. Weng

*Left margin: ADORNO YOSS ALVARADO & SMITH — ATTORNEYS AT LAW — LOS ANGELES*

2031893.1

1

**PROOF OF SERVICE**
*Irive Love v. Washington Mutual Bank, et al.*
Case No.:

Ralph E. Harrison II                        Attorney for Plaintiff
Attorney at Law                             Telephone:  213/616-0201
3450 Wilshire Blvd., Suite 705              Facsimile:  213/739-1788
Los Angeles, CA 90010

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
LOS ANGELES

2

2031893.1