THEODORE E. BACON (CA Bar No. 115395)
tbacon@adorno.com
PATRICK A. CATHCART (CA Bar No. 65413)
pcathcart@adorno.com
SCOTT J. STILMAN (CA Bar No. 120239)
sstilman@adorno.com
IMANI GANDY (CA Bar No. 223084)
igandy@adorno.com
ADORNO YOSS ALVARADO & SMITH
A Professional Corporation
633 W. Fifth Street, Suite 1100
Los Angeles, CA 90071
Tel: (213) 229-2400
Fax: (213) 229-2499

Attorneys for Defendants
California Reconveyance Company and JPMorgan
Chase Bank, N.A. an Acquirer of Certain Assets
and Liabilities of Washington Mutual Bank from
The Federal Deposit Insurance Corporation acting
as Receiver

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRIVE LOVE,<br><br>      Plaintiff<br><br>v.<br><br>WASHINGTON MUTUAL BANK, a Washington corporation; JPMORGAN CHASE BANK, a New York corporation; CALIFORNIA RECONVEYANCE COMPANY, a California Corporation and DOES 1 to 20, inclusive,<br><br>      Defendants. | **CASE NO.: CV-09-8414 VBF (MANx)**<br><br>**MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:   January 18, 2010<br>Time:  1:30 p.m.<br>Ctrm:   9 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on January 18, 2010, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom "9" of the above-entitled court, defendants California Reconveyance Company ("CRC") and JPMorgan Chase Bank, N.A., an acquirer of certain assets and liabilities of Washington Mutual Bank from the

Federal Deposit Insurance Corporation acting as receiver ("JPMorgan") (together "Defendants") will move the court to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the complaint of plaintiff Irive Love ("Plaintiff") fails to state a claim upon which relief can be granted.  Specifically, JPMorgan will move the Court as follows:

1. Plaintiff's first claim for "Breach of Contract" fails to state facts sufficient to constitute a claim for relief under Federal Rule of Civil Procedure 12(b)(6).

2. Plaintiff's second claim for "Declaratory Relief" fails to state facts sufficient to constitute a claim for relief under Federal Rule of Civil Procedure 12(b)(6).

3. Plaintiff's third claim for "fraud" fails to state facts sufficient to constitute a claim for relief under Federal Rule of Civil Procedure 12(b)(6).

4. Plaintiff's fourth claim for "Negligent Misrepresentation" fails to state facts sufficient to constitute a claim for relief under Federal Rule of Civil Procedure 12(b)(6).

5. Plaintiff's fifth claim for "Cancellation of Instruments" fails to state facts sufficient to constitute a claim for relief under Federal Rule of Civil Procedure 12(b)(6).

6. Plaintiff's sixth claim for "Violation of 15 U.S.C. § 1601" fails to state facts sufficient to constitute a claim for relief under Federal Rule of Civil Procedure 12(b)(6).

7. Plaintiff's seventh claim for "Violation of Civil Code §s 2923, *et seq*. and 2924, *et seq*." fails to state facts sufficient to constitute a claim for relief under Federal Rule of Civil Procedure 12(b)(6).

8. Plaintiff's eighth claim for "Injunctive and Declaratory Relief" fails to state facts sufficient to constitute a claim for relief under Federal Rule of Civil Procedure 12(b)(6).

2032747.1

1
2      The motion will be based on this Notice of Motion, the Memorandum of Points
3  and Authorities, the pleadings and papers filed, and on any evidence that may be
4  presented at the hearing.
5  DATED: November 23, 2009        ADORNO YOSS ALVARADO & SMITH
                                                 A Professional Corporation
6
7                                           By: /s/ Patrick A. Cathcart
8                                               THEODORE E. BACON
                                             PATRICK A. CATHCART
9                                               SCOTT J. STILMAN
                                             IMANI GANDY
10                                              Attorneys for Defendants
                                             JPMorgan Chase Bank, N.A. an acquirer
11                                              of certain assets and liabilities of
12                                              Washington Mutual Bank from the
13                                              Federal Deposit Insurance Corporation
14                                              acting as receiver and California
                                             Reconveyance Company
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2032747.1

# TABLE OF CONTENTS

Page

I. SUMMARY OF ARGUMENT ...................................................................... 3
II. SUMMARY OF RELEVANT FACTS ........................................................... 4
III. STANDARD FOR A MOTION TO DISMISS ............................................... 5
IV. PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT FAILS ................ 6
V. PLAINTIFF'S CLAIM FOR QUIET TITLE FAILS ..................................... 7
VI. PLAINTIFF'S CLAIM FOR FRAUD FAILS ................................................ 7
VII. PLAINTIFF FAILS TO STATE A CLAIM FOR NEGLIGENT MISREPRESENTATION ................................................................................ 9
VIII. PLAINTIFF'S CLAIM FOR CANCELLATION OF INSTRUMENTS FAILS .............................................................................................................. 10
IX. PLAINTIFF'S CLAIM FOR VIOLATION OF 15 U.S.C. SECTION 1601 FAILS ..................................................................................................... 11
X. PLAINTIFF'S CLAIM FOR VIOLATION OF CIVIL CODE SECTION 2923 *et seq.* FAILS ......................................................................... 12
XI. PLAINTIFF'S CLAIM FOR INJUNCTIVE AND DECLARATORY RELIEF FAILS ............................................................................................... 14
XII. CONCLUSION ................................................................................................ 16

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
LOS ANGELES

**Cases**

*Abdallah v. United Sav. Bank*,
   43 Cal.App.4th 1101 (1996) ...............................................................................................10

*Ach v. Finkelstein*
   264 Cal.App.2d 667, 674 (1968).........................................................................................7

*Ashcroft v. Iqbal* --- S.Ct. ---,
   2009 WL 1361536, at *12 (May 18, 2009) .........................................................................6

*Bell Atlantic Corp. v. Twombly*
   127 S.Ct. 1955 (2007) .........................................................................................................6

*Bell Atlantic Corp. v. Twombly*,
   127 S.Ct. 1955 (2007) .........................................................................................................6

*California Insurance Guarantee Assoc. v. Superior Court*,
   231 Cal.App.3d 1617 ........................................................................................................15

*Careau & Co. v. Security Pacific Business Credit, Inc.*
   222 Cal.App.3d 1371, 1388 (1990) .....................................................................................6

*Connors v. Homeloan Corp.*
   2009 WL 1615989 (S.D.Cal. June 9, 2009)......................................................................14

*Construction Protective Services v. TIG Specialty Insurance Co.*
   29 Cal.4th 189, 199 (2002) .................................................................................................7

*Edwards v. Marin Park, Inc.*,
   356 F.3d 1058 (9th Cir. 2004).............................................................................................9

*Fox v. Pollack*,
   181 Cal.App.3d 954, 962 (1986).........................................................................................9

*General of America Ins. Co. v. Lilly*,
   258 Cal.App.2d 465 (1968)...............................................................................................15

*Grodensky v. Artichoke Joe's Casino*
   171 Cal.App.4th 1399, 1420 (2009) ..................................................................................13

*In Re GlenFed Inc. Securities Litigation*
   42 F.3d 1541, 1547 (en banc) (9th Cir. 1994) ....................................................................8

*Karlsen v. American Savings & Loan Association*,
   15 Cal.App.3d 112 (1971).................................................................................................11

*Lee v. City of Los Angeles*
   250 F.3d 668 (9th Cir. 2001)...............................................................................................6

*Mack v. South Bay Beer Distributors, Inc.*
   798 F.2d 1279 (9th Cir. 1986).............................................................................................6

*Mangindin v. Washington Mutual Bank*
   Case No. C 09-01268, 2009 WL 1766601 (N.D. Cal. June 18, 2009) .............................11

*MGIC Indem. Corp. v. Weisman*
  803 F. 2d 500 (9th Cir. 1986) ........................................................................... 6

*Neubronner v. Milken*,
  6 F.3d 666 (9th Cir. 1993) ................................................................................ 9

*Owner-Operator Independent Drivers Association, Inc. v. Swift Transportation Co, Inc.*
  367 F.3d 1108, 1111 (9th Cir. 2004) ............................................................. 16

*Pitmann v. Barclays Capital Real Estate, Inc.*
  2009 WL 1108889 (S.D.Cal. April 24, 2009) ............................................... 14

*Production Co. v. Village of Gambell*
  480 US 531, 542 (1987) ................................................................................ 16

*Travers v. Louden*,
  254 Cal.App.3d 926 (1967) ........................................................................... 15

*Vikco Ins. Services, Inc. v. Ohio Indemnity Co.*
  70 Cal.App.4th 55, 62 (1999) ........................................................................ 13

*Wietschner v. Monterey Pasta Co.*
  294 F. Supp. 2d 1117 (N.D. Cal. 2003) ........................................................... 6

*Wise v. Southern Pacific Co.*
  223 Cal.App.2d 50, 60 (1963) ......................................................................... 6

**Statutes**

12 U.S.C. § 2614 ..................................................................................................... 6

**Other Authorities**

Fed. R. Evid. 201(d) ............................................................................................... 4

**Rules**

BAJI
  No. 10.85 (8th ed.) .......................................................................................... 9

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant JPMorgan Chase Bank, N.A., an acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation acting as Receiver ("JPMorgan") and California Reconveyance Company ("CRC") respectfully submit the following Memorandum of Points and Authorities in support of their Motion to Dismiss the First Amended Complaint ("Complaint") of plaintiff Irive Love ("Plaintiff") under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) on the grounds that the Complaint fails to state a claim upon which relief can be granted.

## I. SUMMARY OF ARGUMENT

Almost three years after obtaining a loan (the "Loan") for the purchase of the real property located at 4515 W. 64th Street, Los Angeles, California 25395 ( the "Subject Property"), Plaintiff seeks to invalidate the Loan based on allegations of fraud, predatory lending practices, and violation of various laws related to real estate consumer transactions.  Plaintiff's allegations do not have any merit, and are merely an attempt by Plaintiffs to remain in the Subject Property despite the loan being long in default.

At the outset it is important to note that per the agreement attached as Exhibit 7 to the Request for Judicial Notice filed concurrently herewith, JPMorgan only acquired whatever rights Washington Mutual had in the Loan as of September 25, 2008.  JPMorgan did not participate in any of the lending activities of Washington Mutual as to the origination of the loan.  Further, JPMorgan did not assume liability for the acts of Washington Mutual as to claims made by borrowers.

Plaintiff's Complaint improperly alleges facts as to all Defendants and fails to differentiate between Defendants regarding the claims asserted. None of Plaintiff's claims are sufficiently plead and, accordingly, JPMorgan and CRC respectfully request that the Court grant Defendants' Motion to Dismiss without leave to amend.
///

II. **SUMMARY OF RELEVANT FACTS**

The following are the relevant allegations in the Complaint and judicially noticeable facts set forth in the documents included in the Request for Judicial Notice ("RJN"):

- Plaintiff Irive Love obtained a loan in the sum of $520,000.00 ("First Loan"). The Loan was secured by a deed of trust ("Deed of Trust") encumbering the Subject Property, and was recorded on or about December 18, 2006 with the Los Angeles County Recorder's Office as instrument number 20062804501. The Deed of Trust identifies Washington Mutual Bank as the lender, and California Reconveyance Company as the trustee. *See* RJN, Exhibit 1.

- Plaintiff obtained a home equity line of credit in the sum of $130,000.00 ("Second Loan") in connection with the Subject Property. The Second Loan was secured by a Short Form Deed of Trust ("Second DOT") that was recorded on or about December 18, 2006 with the Los Angeles County Recorder's Office as instrument number 2006-2804502. The DOT identifies Washington Mutual Bank as lender, and Calfornia Reconveyance Company as trustee. The second Deed of Trust identifies Washington Mutual Bank as the lender and California Reconveyance Company as trustee. *See* RJN, Exhibit 2.

- An Assignment Trust Deed ("Assignment") was recorded on or about July 9, 2009 with the Los Angeles County Recorder's Office as instrument number 20091033215. Pursuant to the Assignment, all beneficial interest in the Deed of Trust was assigned to Deutsche Bank National Trust Company as Trustee for Long Beach Mortgage Loan Trust 2006-10. *See* RJN, Exhibit 3.

- A Notice of Default and Election to Sell Under Deed of Trust ("NOD") in connection with the Deed of Trust was recorded on or about July 9, 2009 with the Los Angeles County Recorder's Office as instrument number 2009-

4

1033216.  The NOD indicates that as of July 8, 2009, the sum in arrears was $22,123.76. The NOD also indicates that to arrange for payment to stop foreclosure, JPMorgan must be contacted.  *See* RJN, Exhibit 4.

- A Notice of Trustee's Sale in connection with the Deed of Trust was recorded on or about October 15, 2009 with the Los Angeles County Recorder's Office as instrument number 2009-1562663.  The Notice of Trustee's Sale indicates that that the amount of unpaid balance and other charges was $644,419.36.  *See* RJN, Exhibit 5.

- JPMorgan Chase Bank, N.A., acquired certain assets and liabilities of Washington Mutual Bank, from the FDIC, acting as receiver, including Washington Mutual's interest in the loan that is the subject of this action, pursuant to the Purchase and Assumption Agreement ("Agreement") between the FDIC and JPMorgan Chase dated September 25, 2008.  *See* RJN, Exhibit 6.[1]

## III.  STANDARD FOR A MOTION TO DISMISS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be brought when a plaintiff fails to state a claim upon which relief can be granted.  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations a plaintiffs' obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

---

[1]   The Agreement specifically states at paragraph 2.5:

**Borrower Claims.**  Notwithstanding anything to the contrary in this Agreement, any liability associated with borrower claims for payment of or liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower, whether or not such liability is reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, legal or equitable, judicial or extra-judicial, secured or unsecured, whether asserted affirmatively or defensively, related in any way to any loan or commitment to lend made by the Failed Bank prior to failure, or to any loan made by a third party in connection with a loan which is or was held by the Failed Bank, or otherwise arising in connection with the Failed Bank's lending or loan purchase activities are specifically not assumed by the Assuming Bank.

5

elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*; *see also Ashcroft v. Iqbal,* 129 S.Ct. 1937 (2009) (a claim has "facial plausibility" if the plaintiff pleads facts that "allow [] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")

Also, on a motion to dismiss, a court may take judicial notice of matters of public record in accordance with Federal Rule of Evidence 201 without converting the motion to dismiss to a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-689 (9th Cir. 2001) (*citing Mack v. South Bay Beer Distributors, Inc.,* 798 F.2d 1279, 1282 (9th Cir. 1986)). Courts may take judicial notice of documents outside of the complaint that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(d); *Wietschner v. Monterey Pasta Co*., 294 F.Supp.2d 1117, 1109 (N.D. Cal. 2003). Courts can take judicial notice of such matters when considering a motion to dismiss. *Wietschner*, 294 F.Supp.2d at 1109; *MGIC Indem. Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir. 1986).

## IV. **PLAINTIFF'S C LAIM FOR BREACH OF CONTRACT FAILS**

The elements for breach of contract are: (1) The existence of a [valid] contract between the parties; (2) Plaintiff's performance, [unless excused]; (3) Defendant's [unjustified] [or] [unexcused] failure to perform; and (4) Damages to plaintiff caused by the breach. *Careau & Co. v. Security Pacific Business Credit, Inc.*, 222 Cal.App.3d 1371, 1388 (1990).

Additionally, the facts constituting the defendant's breach should be stated with certainty. *Wise v. Southern Pacific Co*., 223 Cal.App.2d 50, 60 (1963). Plaintiffs must plead the legal effect of the contract, meaning the material terms of the contract must be stated. *Construction Protective Services v. TIG Specialty Insurance Co*., 29 Cal.4th 189, 199 (2002).

Here, Plaintiff's "breach" claim is insufficient. *See* Complaint, ¶¶ 23-25. Plaintiff fails to allege any single term of the Deed of Trust purportedly breached by JPMorgan or CRC. *Id.* Instead, Plaintiff merely alleges that "WMU and JPC breached the Deed of Trust by failing to provide accurate statements of account to Plaintiff." *See* Complaint, ¶ 24. Plaintiff makes no mention whatsoever of CRC. Clearly, such allegations do not identify a contract term or a specific contract purportedly breached by Defendants, and for this reason, the claim is subject to dismissal.

## V. **PLAINTIFF'S CLAIM FOR QUIET TITLE FAILS**

In order to properly state a claim for quiet title, a plaintiff's complaint must be verified. *See* Cal. Civ. Code § 761.020. Here Plaintiff's complaint is not verified. For this reason alone, Plaintiff's Complaint must be dismissed.

Moreover, in order to state a claim for quiet title, Plaintiff must make an offer of tender. *See Mangindin v. Washington Mutual Bank*, Case No. C 09-012682009 WL 1766601 (N.D. Cal. June 18, 2009). Plaintiff fails to indicate that he has the capability to pay back the more than one million dollars owed under the Deed of Trust.

Because Plaintiff does not properly plead the elements of the claim for quiet title, this court should dismiss the claim.

## VI. **PLAINTIFF'S CLAIM FOR FRAUD FAILS**

The elements for fraud are: (1) a false representation of a material fact, (2) knowledge of the falsity (*scienter*), (3) intent to induce another into relying on the representation, (4) reliance on the representation, and (5) resulting damage. *Ach v. Finkelstein*, 264 Cal.App.2d 667, 674 (1968).

Rule 9 has a specificity or particularity requirement, and states that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ. Pro. 9(b). Thus, Rule 9(b) serves to furnish the defendant with notice, but also imposes the additional obligation on the plaintiff to

7

2032747.1

1  "aver with particularity the circumstances constituting the fraud." *In Re GlenFed Inc.*
2  *Securities Litigation*, 42 F.3d 1541, 1547 (en banc) (9th Cir. 1994).  The *GlenFed*
3  court interpreted Rule 9(b) to require allegations substantiating not only the time,
4  place and content of the alleged misrepresentation, but also the circumstances
5  indicating false statements:

> [t]o allege fraud with particularity a Plaintiff must set forth more than the mutual facts necessary to identify the transaction.  The Plaintiff must set forth what is false or misleading about a statement, and why it is false.  In other words, the Plaintiff must set forth an explanation as to why the statements or omissions complained are misleading.

*Id*. at 1547-48.

In addition, to satisfy Rule 9(b), a complaint must set forth such facts as "the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993); see also *Edwards v. Marin Park, Inc.,* 356 F.3d 1058, 1066 (9th Cir. 2004) ("To avoid dismissal for inadequacy under Rule 9(b), [the] complaint would need to state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation.") (internal quotations omitted).

Here, Plaintiff alleges no fraud or misrepresentations as to JPMorgan or CRC.  For this reason alone, Plaintiff's fraud cause of action against Defendants should be dismissed.  Additionally, Plaintiff utterly fails to state his claim with the requisite degree of particularity, claiming only that that Washington Mutual Bank failed to "disclose to Plaintiff their intention to Defraud Plaintiff of her [sic] property."  Plaintiff then alleges that such a failure constitutes "a breach of <u>defendant's</u> [sic] duties and obligations to the Plaintiff under the Deed of Trust."  Complaint, ¶ 36.

Essentially, Plaintiff alleges that Washington Mutual Bank made certain misrepresentations, but states his claims against "all Defendants."  Plaintiff

8

improperly lumps all "Defendants" together without properly differentiating between which defendants allegedly made what representation(s). Complaint, ¶¶ 33-41. Such a global approach to stating a claim for fraud is improper. Moreover, neither JPMorgan nor CRC could have engaged in any fraud with respect to the underlying loan transactions since neither was involved in the origination of the First Loan or Second Loan.

Based on the foregoing, Plaintiff's fraud claim is subject to dismissal with prejudice.

## VII. **PLAINTIFF FAILS TO STATE A CLAIM FOR NEGLIGENT MISREPRESENTATION**

Plaintiff's claim for negligent misrepresentation is fatally flawed. *See* Complaint, ¶¶ 42-45. The elements for negligent misrepresentation are: (1) a representation as to a past or existing material fact; (2) the representation was untrue; (3) the defendant had no reasonable ground for believing it to be true; (4) the representation was made with intent to induce plaintiff to rely on it; (5) the plaintiff was unaware of falsity; and (6) the plaintiff sustained damages. *Fox v. Pollack*, 181 Cal.App.3d 954, 962 (1986). In essence, the elements of negligent misrepresentation are the same as intentional fraud except for the requirement of scienter, and to state an actionable claim for fraud, the plaintiff must allege: "the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993). In other words, to "avoid dismissal for inadequacy under Rule 9(b), [the] complaint would need to state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004).

Plaintiff alleges no facts in connection with his negligent misrepresentation claim. He merely incorporates by reference the allegations contained in his fraud claim. Again, Plaintiff fails to specifically allege which people made any false representation, their authority to do so, when they did so and whether the representations were oral or

9

2032747.1

written. Accordingly, Plaintiff cannot state a cause of action for negligent misrepresentation against JPMorgan or CRC and the claim should therefore be dismissed.

## VIII. **PLAINTIFF'S CLAIM FOR CANCELLATION OF INSTRUMENTS FAILS[2]**

In the Complaint, Plaintiffs purportedly seek cancellation of "[t]he Notice of Default and Trustee's Deeds or other such instruments purporting to transfer title of the Subject Property [.]" *See* Complaint, ¶¶ 122.

Under California Civil Code section 3412, "a written instrument in which there is reasonable apprehension that if left outstanding it may cause serious injury to a person against who it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled." In obtaining rescission or cancellation, the rule is that the complainant is required to do equity, as a condition to his obtaining relief, by restoring to the defendant everything of value which the Plaintiff has received in the transaction. *Id.*

Moreover, as a condition precedent to any cause of action relating to an alleged improper foreclosure, the borrower must tender or offer to tender a sum sufficient to cure the default. Absent an allegation of tender, the complaint fails to state a cause of action. *Abdallah v. United Sav. Bank*, 43 Cal.App.4th 1101, 1109 (1996). Further, the tender must have been made in good faith, the party making the tender must have had the ability to perform, and the tender must have been unconditional. *Karlsen v. American Savings & Loan Association*, 15 Cal.App.3d 112 (1971).

Here, Plaintiff fails to offer to restore to the Defendants everything of value which Plaintiff received in the loan transaction. Plaintiff alleges no facts demonstrating that they have the present ability to unconditionally tender the entire

---

[2] The body of the Complaint states a claim for "cancellation of cloud of title" while the face pages states a claim for "cancellation of instruments." Both claims are meritless.

2032747.1

1  amount of indebtedness outstanding, the claim for cancellation of instrument must be
2  dismissed without leave to amend.

3  **IX.  PLAINTIFF'S CLAIM FOR VIOLATION OF 15 U.S.C. SECTION 1601**
4  **FAILS**

5  Plaintiff's claim for violation of TILA appears to be a combined claim for
6  violation of TILA and violation of California Financial Code section 4970.  Both
7  claims are meritless.

8  Plaintiff's TILA claim fails because it is barred by the statute of limitations.

9  Civil penalties under TILA are subject to a one-year statute of limitations.  15
10 U.S.C. § 1640(e).  Section 1640(e) states, in part:

> "Any action under this section may be brought in any United
> States district court, or in any *other* court of competent
> jurisdiction, within one year from the date of the occurrence of
> the violation."

(Emphasis added); *see also Mangindin v. Washington Mutual Bank*, Case No. C 09-01268, 2009 WL 1766601 (N.D. Cal. June 18, 2009) (granting defendants' motion to dismiss because the loan in question was consummated on August 29, 2006 and Plaintiff did not file the action prior to August 29, 2007, and finding plaintiff's allegations that all statutes of limitation relating to disclosure under TILA were tolled due to Defendant's failure to provide proper TILA disclosures to be conclusory and unsupported).

Here, Plaintiff's first and second loans consummated in December 2006.
Plaintiff first filed suit in October 2009.  Consequently, any claim for damages under
TILA is time-barred because the statute of limitations began to run in December 2006,
and Plaintiff's claim expired in December 2007.  *See* RJN, Exhibits 1 and 2.

As for Plaintiff's purported claims under Financial Code section 4970, Plaintiff
does not state any allegations that JPMorgan or CRC violated any provisions.  Section
4970 of the Financial Code was designed to combat predatory lending practices.  The

1  Legislature noted its concern in enacting the law stemmed from practices of a "small
2  minority of lenders." *See* Legislative Comment to Section 4970.  In this case,
3  JPMorgan merely acquired the interests held by Washington Mutual.  As stated above,
4  JPMorgan cannot be held responsible for any purported acts or conduct of the
5  originating lender of the loans at issue in this matter, because it did not originate the
6  Loans in question.  Moreover, the judicially noticeable facts in the documents attached
7  to the Request for Judicial Notice evidence that CRC was merely the trustee here, and
8  was not involved in the loan origination process.

9  Accordingly, Plaintiff's sixth cause of action under TILA and section 4970 fail as to
10 JPMorgan and CRC and should be dismissed without leave to amend.

11 X. **PLAINTIFF'S CLAIM FOR VIOLATION OF CIVIL CODE SECTION
12 2923 *et seq.* FAILS[3]**

13 Contrary to Plaintiff's allegations, section 2923.5 of the California Civil Code
14 does not mandate that a lender provide a borrower with a loan modification.  Section
15 2923.5 requires mortgagees, trustees, and beneficiaries to attempt to contact the
16 borrower to explore ways to avoid foreclosure prior to filing a notice of default.
17 Nothing in section 2923.5 provides an independent cause of action; *see Vikco Ins.*
18 *Services, Inc. v. Ohio Indemnity Co.*, 70 Cal. App. 4th at 62-63 (1999) (holding that a
19 statute creates a private right of action only if the enacting body so intended).

20 Section 2923.5 was enacted under Senate Bill 1137, or the Perata Mortgage
21 Relief Act.  The Perata Mortgage Relief Act does not provide for a private right of
22 action.   A s. *Vikco, supra,* 70 Cal. App. 4th at 62 (1999); *see also Grodensky v.*
23 *Artichoke Joe's Casino*, 171 Cal. App. 4th at 1420 (2009).  The Legislature will
24 directly create a private right of action in clear, understandable, unmistakable terms

---

26 [3] The face page of Plaintiff's Complaint purports to state a claim for violation of Civil
27 Code section 2924.  Plaintiff claims that JPMorgan failed to provide Plaintiff a copy of the notice of default as is required under Civil Code section 2924(b).  This claim is
28 belied by the documents attached to Defendants' Request for Judicial Notice which demonstrates that a Notice of Default was properly recorded.  *See* RJN, Exhibit 4.

12

2032747.1

where it intends to do so. *Vikco*, *supra*, 70 Cal. App. 4th at 62. Consequently, absent such language, no private right of action under the Perata Act for violations of section 2923.5 exists. The fact remains that no clear term under the Perata Mortgage Relief Act provides for a private right of action or enforcement mechanism for alleged violations of section 2923.5.

As to Plaintiff's claim that JPMorgan did not contact Plaintiff as required, section 2923.5 states that a mortgagee or beneficiary "may not file a notice of default . . . until 30 days" after contacting the borrower. *See* Civ. Code §2923.5(a)(1). The statute further states that the mortgagee or beneficiary shall include a declaration in the notice of sale that the borrower was contacted to assess the borrower's financial situation. *See* Civ. Code §2923.5(c). Here, the Notice of Trustee's Sale clearly indicates that CRC declares that JPMorgan "has contacted borrower, [and] tried with due diligence to contact the borrower as required by California Civil Code § 2923.5." *See* RJN, Exhibit 5. Simply because the form is standardized does not render the form a falsity.

Plaintiff's claim for violation of section 2923.6 likewise fails. Contrary to Plaintiff's contention, Civil Code section 2923.6 does not mandate that the lender provide the borrower with a loan modification. Rather, such action is only encouraged on the part of the lender. *See* Complaint, ¶ 56. Lenders are not mandated by law to modify loans in connection with real property. *See* Legislative Comment to §2923.6. Rather, section 2923.6 permissive and leaves servicers with the discretion to implement a loan modification with parties to a loan pool agreement where "[a]nticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis." *Id*. The statute does not require an offer of a loan modification to the borrower or that the mortgagee, beneficiary, or authorized agent must accept a suggested modification proposed by the borrower. (Emphasis added.) *Id*.; *see Connors v. Homeloan Corp.*, 2009 WL 1615989 (S.D. Cal. June 9, 2009) (finding that section 2923.6 does not require a loan servicer

13

to offer a loan modification); *Pitmann v. Barclays Capital Real Estate, Inc.*, 2009 WL 1108889 (S.D. Cal. April 24, 2009) (finding that section 2923.6 only creates a duty between a loan servicer and a loan pool member, and it in no way confers standing on a borrower to contest a breach of that duty).

Based on the foregoing, Plaintiff's reliance on Civil Code section 2923.6 is misplaced, and this court should grant Defendants' motion to dismiss.

## XI. **PLAINTIFF'S CLAIM FOR INJUNCTIVE AND DECLARATORY RELIEF FAILS**

In his eighth cause of action, Plaintiff makes a last ditch effort to allege a viable claim by asserting a combined cause of action for injunctive and declaratory relief. (*See* Complaint, ¶¶ 61-62.)  However, all Plaintiff alleges is that a "present and actual controversy has arisen between Plaintiff and Defendants with respect to the Property. Plaintiff desires a judicial determination of the parties' rights and duties and an injunction enjoining Defendants from foreclosing on Plaintiff's interests in the Property." (*Id.*)  This is nothing more than a bland restatement of Plaintiff's other claims, particularly his claim for cancellation of instruments, and declaratory relief is not designed as a catch-all in case other claims fail.  Indeed, even assuming *arguendo* that a relationship between Plaintiff and the defendants existed that justifies a declaration of future rights, which JPMorgan and CRC do not concede, Plaintiff's declaratory judgment claim is unnecessary because other forms of relief are available to Plaintiff.

The availability of another form of relief for a plaintiff will usually justify the refusal to grant declaratory relief. *See General of America Ins. Co. v. Lilly,* 258 Cal.App.2d 465, 471 (1968).  A declaratory relief action will not lie to determine issues raised in other causes of action before the court. *California Insurance Guarantee Assoc. v. Superior Court,* 231 Cal.App.3d 1617, 1623-1624; *see also* Cal. Prac. Guide: Civ. Proc. Before Trial, 6:193 (The Rutter Group, 2005).  "The object of the statute is to afford a new form of relief where needed and not to furnish a litigant with a second cause of action for the determination of identical issues." *General of America Ins. Co.,*

14

*supra,* 258 Cal.App.2d at 470. The availability of another form of relief that is adequate will usually justify refusal to grant declaratory relief. *Id.* at 471. Thus, if the factual and legal underpinnings of the declaratory relief action involve the same issues as the main causes of action, the issues can be decided for all purposes in other causes of action before the court. *See id.* at 470-471.

It is clear from the Complaint that the determination of issues which Plaintiff seeks in the claim for declaratory relief does nothing to afford Plaintiff a new form of relief. *See* Complaint, ¶¶ 61-62. In determining whether declaratory relief is necessary and proper, the character of a declaratory relief action must be determined from an examination of the facts pleaded, rather than from the title or prayer for relief. *See Travers v. Louden*, 254 Cal.App.3d 926, 930-932 (1967). Again, Plaintiff essentially seeks a declaration "concerning their respective rights and duties with respect to the Property." *See* Complaint, ¶ 61. Thus, Plaintiff's claim for declaratory relief is merely duplicative of "the causes of action contained [in the Complaint]," as it merely seeks resolution of whether the defendants violated the loan agreement by initiating foreclosure proceedings.

Moreover, as a matter of public policy, Plaintiff should not be permitted to assert a claim for declaratory judgment as a vehicle to survive the motion to dismiss stage and overcome the deficient pleadings of the remaining claims in the Complaint. The cause of action for declaratory relief should be dismissed forthwith.

As for Plaintiff's claim for injunctive relief, an injunction can be issued only if Plaintiffs demonstrate: 1) likelihood of success on the merits; 2) a substantial threat that Plaintiffs will suffer irreparable injury if the injunction is denied; 3) the threatened injury outweighs any damage the injunction might cause to defendant; and 4) the injunction will not disserve the public interest. *Production Co. v. Village of Gambell*, 480 US 531, 542 (1987); *Owner-Operator Independent Drivers Association, Inc. v. Swift Transportation Co, Inc.*, 367 F.3d 1108, 1111 (9th Cir. 2004).

As set forth herein, Plaintiffs fail to demonstrate that JPMorgan or CRC are liable under any claim asserted in the Complaint—be that in equity or law.  Accordingly, the likelihood of Plaintiffs prevailing on the merits at the time of trial is slim at best since the underlying causes of action upon which the injunction and prayer for damages are based are wholly defective.  Since Plaintiffs cannot satisfy the requirements for an injunction, this Court cannot issue an injunction in this matter.

## XII. CONCLUSION

For the foregoing reasons, JPMorgan and CRC respectfully request that the Court dismiss the Complaint without leave to amend in its entirety.

DATED:  November 23, 2009

ADORNO YOSS ALVARADO & SMITH
A Professional Corporation

By: /s/ Patrick A. Cathcart
   THEODORE E. BACON
   PATRICK A. CATHCART
   SCOTT J. STILMAN
   IMANI GANDY
   Attorneys for Defendants
   California Reconveyance Company and
   JPMorgan Chase Bank, N.A. an Acquirer
   of Certain Assets and Liabilities of
   Washington Mutual Bank from The
   Federal Deposit Insurance Corporation
   acting as Receiver